IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CORNELIUS BROWN,<br><br>          Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HEALTH & HUMAN SERVICES, ANTHONY WALTERS, Chief Executive Officer; CINDY DYKEMAN, Program Manager; SHANNON BLACK, Dr., Program Director; JANA STONER, Program Therapist; KYLE MALONE, Program Team Lead; and LISA LAURELL, Program Social Worker,<br><br>          Defendants. | 8:16CV245<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff filed his Complaint on June 3, 2016. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) On December 2, 2016, Plaintiff filed a "Motion: For Leave to File an Amended Complaint." (Filing No. 8.) On December 7, 2016, the court granted Plaintiff leave to file an amended complaint by January 6, 2017, and advised Plaintiff that his amended complaint would supersede, rather than supplement, his original complaint. (Filing No. 10.) Upon reconsideration, the court construes Plaintiff's "Motion: For Leave to File an Amended Complaint" as an Amended Complaint. The court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

# I. SUMMARY OF AMENDED COMPLAINT

Plaintiff alleges that the Douglas County Mental Health Board civilly committed him to the Lincoln Regional Center ("LRC"). (Filing No. 8 at CM/ECF p. 2.) Plaintiff now resides at the Norfolk Regional Center ("NRC"). (*Id*.) He names as Defendants in his Amended Complaint: the Nebraska Department of Health and Human Services ("DHHS"), Courtney Phillips ("Director Phillips"), Director of DHHS, six employees who work at LRC, and Gavin Wiseman, a patient at LRC. (*Id*. at CM/ECF pp. 3-4.) Plaintiff sues Wiseman in his individual capacity. (*Id*. at CM/ECF p. 4.) He sues each of the remaining defendants in their individual and official capacities. (*Id*.)

Plaintiff filed a grievance because 1) a staff member[1] told him that he might drink his "Bod Body Spray" because it contained alcohol, 2) because Lisa Laurell ("Laurell"), a social worker and group facilitator, called him "mentally ill," and 3) because the washers at the facility are filthy and smell of mold and dirt. (*Id*. at CM/ECF pp. 3-4, 15-16.) Plaintiff alleges that, after he filed the grievance, he spoke to Defendant Shannon Black ("Black"), the program director, and Defendant Cindy Dykeman ("Dykeman"), the sex offender services program manager. (*Id*. at CM/ECF pp. 2-4.) Plaintiff alleges that Black stated, "Using the grievance process is something that's not tolerated," and suggested to him that he learn to manage and process issues in other ways. (*Id*. at CM/ECF p. 5.)[2] Plaintiff alleges that Black also stated, "You've filed lawsuits against NRC (Norfolk Regional Center) and I've got copies of that." (*Id*.) He maintains that Black sent several e-mails to some of the other defendants informing them of his complaint and how they should

---

[1] The staff member is not a named defendant.

[2] The court will correct capitalization and spelling in the original quotes from Plaintiff's Amended Complaint.

2

respond to him. (*Id.*) Plaintiff believes that Black "demonstrates poor professional leadership." (*Id.*)

Plaintiff alleges that Dykeman, during the conversation, commented, "I don't like having to go over to the administration building having to answer to grievances." (*Id.*) He alleges that Dykeman repeatedly told him, "I've been here over 30 years, and patients who get caught up in writing grievances tend to move slower through this program." (*Id.*) Plaintiff claims that Dykeman stated, "If these issues with the washers become too much, we'll just put all of the patients in sweats, as they are in Building #3 and #5," which Plaintiff alleges house the mentally ill patients. (*Id.*)

Plaintiff alleges that he approached Defendant Kyle Malone ("Malone"), a team leader, about the unsanitary washers and about having to share the washers with another patient with an infected genital area. (*Id.* at CM/ECF pp. 3, 6.) Plaintiff maintains that Malone angrily responded, "Why is this such a big deal? You writing grievances, who can say you didn't bring the infection here." (*Id.* at CM/ECF p. 6.) He claims that Malone walked into his office and closed the door. (*Id.*) Plaintiff alleges that Malone has displayed several forms of retaliation against him, including poor to negative entries on Plaintiff's treatment files to the Mental Health Board and putting Plaintiff in a secluded, private room in complete view of all of the administrative staff. (*Id.*) He states that Malone is party to another civil complaint about the violation of Plaintiff's transgender rights. (*Id.*); *See Brown v. Department of Health and Human Services, et al.*, Case No. 8:16CV377 (D. Neb.).

Plaintiff alleges that Defendant Jana Stoner ("Stoner"), a therapist and supervisor, is a personal therapist for another patient, Gavin Wiseman ("Wiseman"). (*Id.* at CM/ECF pp. 3, 7.) Plaintiff claims that Wiseman told him that Stoner stated during a meeting with Wiseman, "Because of who he is, and what he is, (referring to plaintiff who is transgender), you need to watch yourself."

3

(*Id*. at CM/ECF p. 7.) Plaintiff alleges Stoner later approached him and another staff member who is black, who Plaintiff was speaking with about "the problem with Defendant Wiseman," and stated, "You are not to talk about other patients with patients." (*Id*.) Plaintiff filed a grievance. (*Id*. at CM/ECF pp. 7, 21-22.) He alleges that he was moved the next day to a private room "as a result of Defendant Stoner, Malone, Black, and Dykeman." (*Id*. at CM/ECF p. 7.)

Plaintiff alleges that Stoner was made aware of a sexual act between Plaintiff and Wiseman. (*Id*.) According to Plaintiff, Wiseman exposed himself in Plaintiff's room and Plaintiff masturbated Wiseman. (*Id*. at CM/ECF p. 8.) Plaintiff alleges that he was subsequently placed on "several inhumane restrictions" (ward restriction and day hall restriction without staff), while Wiseman received only "no contact restrictions" because Stoner protected Wiseman. (*Id*. at CM/ECF pp. 7-8.) Plaintiff alleges that he was humiliated, which resulted in a loss of sleep and feeling attacked by the administration. (*Id*. at CM/ECF p. 8.) He also claims that Defendants gave him negative scores on his treatment plan, which hindered his advancement in treatment, "after Defendants Clasen, Black, Stoner, and Dykeman were aware of the mutually consented sexual act-out." (*Id*. at CM/ECF p. 10.) He states that Wiseman, however, advanced in treatment. (*Id*.) Plaintiff alleges that this treatment caused him to request return to NRC. (*Id*.) He claims that he has heard that Wiseman has since made statements of participating in the sexual act "to offset Plaintiff's civil action." (*Id*. at CM/ECF p. 8.)

Plaintiff alleges that Laurell and Black photocopied entries from his journal to "use as leverage" for filing this action and as an attempt to prevent him from seeking assistance from the Lincoln Journal Star and other legal help. (*Id*.) Plaintiff alleges that "he was also subject to retaliation by Defendant Chalice Closen,[3] a team leader, for grievances submitted in regards to her showing favoritism in the

---

[3] Plaintiff spells her name as Claussen and Clasen elsewhere in his Amended Complaint. (*See* Filing No. 8 at CM/ECF pp. 1, 10.).

white patients and negative interactions with the black patients."[4] (*Id.* at CM/ECF pp. 3, 8.) He alleges that he sent his grievances and concerns to Director Phillips and received no response. (*Id.* at CM/ECF p. 9.)

Plaintiff seeks declaratory, injunctive, and monetary relief. (*Id.* at CM/ECF pp. 11-12.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a]

---

[4] Plaintiff filed a grievance about Closen allowing "Gavin W." play a video gaming system when he and Plaintiff are both on "P.S." (*Id.* at CM/ECF p. 33.)

pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

### A. Sovereign Immunity; Injunctive Relief Against Defendants

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary damages against state employees in their official and individual capacities. Plaintiff's claims for monetary relief against

6

Defendants in their official capacities are barred by the Eleventh Amendment. Plaintiff's claims for injunctive relief against all state employee defendants but Director Phillips will be dismissed as moot because they work for LRC and are not alleged to have any authority over Defendant at NRC. Thus, these defendants would be incapable of imposing any injunctive relief ordered as to Plaintiff. *See Randolph v. Rodgers*, 253 F.3d 342, 345-46 (8th Cir. 2001) (denying prisoner's requested prospective injunctive relief as to several employees of correctional facility in which prisoner was no longer incarcerated because those employees had no authority to execute any granted injunctive relief at the prisoner's present facility).

### B. Individual Capacity Claims

The crux of Plaintiff's complaints appear to be that Defendants Black, Dykeman, Malone, Stoner, Laurell, and Closen retaliated against him for filing grievances and for his sexual act with Wiseman. He alludes to an equal protection claim alleging that he received harsher punishment than Wiseman for their sexual act.

The law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for speaking out. *Peterson v. Kopp*, 754 F.3d 594, 602 (8th Cir. 2014) (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006)); *Bernini v. City of St. Paul*, 665 F.3d 997, 1006–07 (8th Cir. 2012); *see Small v. McCrystal*, 708 F.3d 997, 1008 (8th Cir. 2013). To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Peterson*, 754 F.3d at 602. In order to establish an equal protection claim, a prisoner must show that he is

treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a "fundamental right." *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008).

Although the filing of a grievance may be a protected First Amendment activity, Plaintiff has not sufficiently alleged a retaliation claim against any defendant. He fails to allege that any defendant actually took an adverse action against him that was motivated at least in part by Plaintiff filing a grievance, or his allegations are simply too conclusory. Similarly, Plaintiff alludes to an equal protection claim but his allegations do not show that he and Wiseman are similarly-situated and that their different punishment was based upon either a suspect classification or a "fundamental right."

With regard to any additional claims that Plaintiff seeks to raise (i.e. defamation, failure to respond to grievances, fellow in-patient), the court reminds Plaintiff that it has dismissed similar claims from him in other cases. *See Brown v. Department of Health and Human Services, et al.*, Case No. 8:16CV377 (D. Neb.) (dismissed defamation and response to grievances claims); *Brown v. Nebraska Department of Correctional Services, et al.,* Case No. 4:14CV3071 (D. Neb.) (dismissed denial of sex offender treatment, mental anguish, and defamation claims); *Brown v. Dept. of Helath and Human Svs., et al.*, Case No. 8:14CV298 (D. Neb.) (dismissed response to grievances and fellow in-patient claims).

Out of an abundance of caution, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file his amended complaint no later than March 9, 2017. **Plaintiff is warned that his amended complaint will supersede, not supplement, all previous complaints.** Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for *monetary* relief against all Defendants in their official capacity are dismissed as barred under the Eleventh Amendment.

2. Plaintiff's claims for injunctive relief against Defendants Black, Dykeman, Malone, Laurell, Stoner, and Closen in their official and individual capacities are dismissed as moot.

3. Plaintiff shall file an amended complaint asserting cognizable individual capacity claims against Defendants by March 9, 2017. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4. The clerk of the court is directed to set a pro se case management deadline using the following text: March 9, 2017, check for amended complaint.

5. The clerk of the court is directed to terminate Defendant Anthony Walters from the case.

Dated this 7th day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

9